**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**LOUIS AKOURI and**
**NADIA AKOURI,**

       **Plaintiffs,**

                                **Case No. 05-73514**

v.

                                **HONORABLE DENISE PAGE HOOD**

**FORD MOTOR COMPANY and**
**FORD MOTOR COMPANY -**
**UAW RETIREMENT BOARD OF**
**ADMINISTRATION**

       **Defendants.**
_____/

## MEMORANDUM OPINION AND ORDER AND NOTICE OF STATUS CONFERENCE

**I.   INTRODUCTION**

The matter is before the Court on Defendants' Motion to Dismiss Plaintiffs' Complaint Under Fed.R.Civ.P. 12(b)(6). Plaintiffs filed the Complaint on September 13, 2005. Defendants filed the instant motion on October 4, 2005. Plaintiffs filed a Response in Opposition to Defendants' Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(6) on November 2, 2005.

**II.   STATEMENT OF FACTS**

Plaintiff Louis Akouri was an employee with Ford Motor Company ("Ford") for 39 years, when he retired. (Compl. ¶ 12). Plaintiff Louis Akouri was a participant in Ford's Retirement Plan, during his employment. *Id*. ¶ 9. Ford's Retirement Plan is governed by the Employee Retirement

1

Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*. *Id*. ¶ 13. Plaintiff Nadia Akouri has been married to Plaintiff Louis Akouri for forty years and is the designated beneficiary of Plaintiff Louis Akouri's retirement benefits. *Id*. ¶ 16.

Prior to Plaintiff Louis Akouri's retirement, Defendants sent Plaintiff Louis Akouri a retirement application package and accompanying letter, which provided a description of what his estimated monthly pension payments would be upon his retirement from Ford. (Pls.' Ex. C). After receiving the retirement application package, Plaintiff Louis Akouri completed the "Ford-UAW Retirement Plan Retirement Application" ("Application"). (Compl. ¶ 24-25). Plaintiff signed the bottom of the Application, indicating that he had read and understood the information contained in the Application. (Pls.' Ex. C).

After his retirement, Plaintiff Louis Akouri began to receive monthly pension checks. (Compl. ¶ 26). The amount of the checks was the same amount listed in the retirement application package. *Id*. Sometime after Plaintiff Louis Akouri began receiving monthly pension checks, Defendants informed Plaintiffs that the formula used to calculate Plaintiff Louis Akouri's pension benefits overstated the benefits he was to receive. (Pls.' Ex. E). According to Defendants, the miscalculation resulted in a $3,828.33 overpayment to Plaintiffs. *Id*.

Defendants provided Plaintiff Louis Akouri with a corrected calculation. *Id*. Defendants also requested that Plaintiff Louis Akouri return the amount that was allegedly overpaid. *Id*. Plaintiffs did not agree with the recalculation of the benefits and appealed the recalculation. (Compl. ¶ 29, Pls.' Ex. F). The appeal was denied (Pls.' Ex. G) and Plaintiffs filed the instant action.

**III.    STANDARD OF REVIEW**

Federal Rules of Civil Procedure 12(b)(6) provides for a motion to dismiss for failure to state a claim upon which relief can be granted.  This type of motion tests the legal sufficiency of the plaintiff's Complaint.  *Davey v. Tomlinson*, 627 F. Supp. 1458, 1463 (E.D. Mich. 1986).  A court takes the factual allegations in the Complaint as true when evaluating the propriety of dismissal under Fed. R. Civ. P. 12(b)(6).  *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509,512 (6th Cir. 2001); *Hoeberling v. Nolan*, 49 F. Supp.2d 575, 577 (E.D. Mich. 1999).  Further, the court construes the complaint in the light most favorable to the plaintiff, and determines whether it is beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief.  *Varljen v. Cleveland Gear Co., Inc.*, 250 F.3d 426, 429 (6th Cir. 2001).

**IV.    APPLICABLE LAW & ANALYSIS**

Defendants assert that the Complaint should be dismissed for three reasons: (1) lack of standing, (2) preemption, and (3) failure to state a claim upon which relief could be granted under Fed.R.Civ.P. 12(b)(6).

**A.    Lack of Standing and Preemption**

Defendants claim that Plaintiffs' Complaint should be dismissed based on lack of standing and preemption.  Defendants state that the Plaintiffs have two claims, breach of fiduciary duty and misrepresentation.  Regarding the breach of fiduciary duty claim, Defendants assert that Plaintiffs lack standing to bring the action.  With respect to the misrepresentation claim, Defendants contend that misrepresentation is a state law claim which is preempted by ERISA.  Defendants, however, have not accurately described the Plaintiffs' cause of action.  While Defendants assert that the Plaintiffs are alleging two claims, breach of fiduciary duty and misrepresentation, the Plaintiffs

actually allege one count of breach of fiduciary duty based on misrepresentation. As such, Defendants' arguments supporting dismissal of the misrepresentation claim, based on preemption, are misplaced and denied.

Defendants also argue that Plaintiffs lack standing to bring the breach of fiduciary duty claim. In the Response, Plaintiffs state a claim under 29 U.S.C. § 1132(a)(2). (Pls.' Resp. at 2). Section 1132(a)(2) permits beneficiaries of a plan to seek relief under 29 U.S.C. § 1109. 29 U.S.C. § 1132(a)(2). Section 1109 provides:

> Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary.

29 U.S.C. § 1109.

Breaches of fiduciary duty, under ERISA, injure the plan, not the beneficiaries and, as such, any recovery goes to the plan. *Bryant v. International Fruit Produce Co.*, 886 F.2d 132, 135 (6th Cir. 1989). Section 1109 "authorizes relief only to the plan itself, not to individual beneficiaries." *Id*. Citing *Farrell v. Automobile Club of Michigan*, 870 F.2d 1129, 1133 (6th Cir. 1989). Individual suits for denial of benefits arise under 29 U.S.C. § 1132(a)(1)(B). *Id*. See also 29 U.S.C. § 1132(a)(1)(B).

Plaintiffs cite section 1132(a)(2) for recovery under the current action, but instead of seeking relief for the plan itself, the Plaintiffs are actually seeking recovery for individual beneficiaries, specifically (1) the payment of all benefits due; (2) compensation for back pension payments; and (3) declaration that all rights and benefits due are vested and nonforfeitable or an award of money

4

judgment for all sums due and owing. (Compl. at 5-6). In support of Plaintiffs assertion that they have standing to bring a breach of fiduciary duty claim under Section 1132(a)(2), Plaintiffs' rely on *Parks v. Financial Fed. Sav. Bank*, 345 F.Supp.2d 889 (W.D.Tenn. 2004), *James v. Pirelli Armstrong Tire Corp.*, 305 F.3d 439, and *Krohn v. Huron Mem'l Hosp.*, 173 F.3d 542. All three cases hold that a fiduciary may be liable to individual beneficiaries under an ERISA plan. *Id.* The cases, however, do not indicate the section of ERISA under which the respective actions were brought. Furthermore, the cases mentioned by the Plaintiffs do not address the question at issue here, namely whether individual beneficiaries may recover for breach of fiduciary duty pursuant to 29 U.S.C. § 1132(a)(2).

In the Complaint, however, Plaintiffs identify a breach of fiduciary duty claim pursuant to 29 U.S.C. § 1104. (Compl. ¶ 32). A cause of action under section 1104 can be brought under 29 U.S.C. § 1132(a)(3)(B). *Flacche v. Sun Life Assurance Company of Canada*, 958 F.2d 730, 733 ("The fiduciary duties applicable under ERISA are codified at 29 U.S.C. § 1104, and breach of these duties constitutes a violation of 29 U.S.C. § 1109, which can support a claim under 29 U.S.C. § 1132(a)(3)(B)"). See *Allinder v. Inter-City Products Corp.*, 152 F.3d 544 (6th Cir. 1998). As such, Plaintiffs having standing to bring the current action.

      **B.**    **Failure to State a Claim Upon Which Relief Could Be Granted**

Defendants further argue that dismissal of the state law misrepresentation claim for failure to state a claim upon which relief could be granted. Since Plaintiffs have not brought a state law misrepresentation claim, Defendants' arguments regarding dismissal are likewise misplaced and must be denied.

Accordingly,

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss Plaintiffs' Complaint Under Federal Rule Civil Procedure 12(b)(6) **[Docket No. 4, filed October 4, 2005]** is DENIED.

IT IS HEREBY ORDERED that a status conference in this matter shall be held on **October 10, 2006, at 2:45 p.m..**

          /s/ Denise Page Hood
          DENISE PAGE HOOD
          United States District Judge

DATED: September 14, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 14, 2006, by electronic and/or ordinary mail.

          S/William F. Lewis
          Case Manager