UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LOUIS AKOURI and
NADIA AKOURI,

      Plaintiffs,

                                              Case No. 05-73514

v.

                                              HONORABLE DENISE PAGE HOOD

FORD MOTOR COMPANY and
FORD MOTOR COMPANY -
UAW RETIREMENT BOARD OF
ADMINISTRATION

      Defendants.
_____/

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

This matter is before the Court on Plaintiffs' Cross Motion for Judgment on the Administrative Record and Defendants' Cross Motion to Affirm ERISA Administrative Decision. Both motions were filed on November 30, 2006. The parties filed Responses on December 21, 2006 and Replies on December 28, 2006.

### II. STATEMENT OF FACTS

The facts of this case are uncontested. Plaintiff Louis Akouri ("Mr. Akouri") was an employee with Ford Motor Company ("Ford") for 39 years when he retired. (Compl. ¶ 12). Mr. Akouri was a participant in Ford's Retirement Plan during his employment. (*Id*. ¶ 9.) Ford's Retirement Plan is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"),

1

29 U.S.C. § 1001, *et seq.* (*Id.* ¶ 13.) Plaintiff Nadia Akouri ("Mrs. Akouri") has been married to Mr. Akouri for forty years and is the designated beneficiary of his retirement benefits. (*Id.* ¶ 16.)

Prior to Mr. Akouri's retirement, Defendants sent him a retirement application package and accompanying letter, dated December 5, 2002, which estimated his monthly pension payments to be $1,820.10 upon retirement. After receiving the letter, Mr. Akouri decided to retire. He submitted his retirement application in December of 2002. His retirement become effective on January 1, 2003.

Mr. Akouri became eligible to receive monthly pension checks in January of 2003 and regularly received them. (Compl. ¶ 25). However, in a November 7, 2003 letter, Defendants informed Mr. Akouri that they had mistakenly overstated his benefits. (Pls.' Ex. E). Instead of receiving $1,802.21 per month, Defendants informed Mr. Akouri that he should have been receiving $1,454.18 per month. Defendants also requested that Mr. Akouri return the amount that Defendants had overpaid, $3,828.33. (*Id.*) Plaintiffs did not agree with the recalculation of the benefits and appealed the recalculation. (Compl. ¶ 29, Pls.' Ex. F). The appeal was denied (Pls.' Ex. G), and Plaintiffs filed the instant action. Specifically, Plaintiffs' Complaint alleges breach of fiduciary duty under 29 U.S.C. 1104(a). (Compl. ¶ 32.) A breach of this duty violates 29 U.S.C. § 1109[1], which

---

[1]This statute provides, in pertinent part:

> Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter . . shall be subject to . . . equitable or remedial relief as the court may deem appropriate . . . .

29 U.S.C. § 1109(a).

support Plaintiffs' 29 U.S.C. § 1132(a)(3)(B)[2] claim. *Flacche v. Sun Life Assurance Company of Canada*, 958 F.2d 730, 733 (6th[th] Cir. 1992).

## III. APPLICABLE LAW & ANALYSIS

### A. Standard of Review

The parties agree that neither summary judgment motions nor bench trials are proper procedural means for disposing of ERISA claims. *Wilkins v. Baptist Healthcare System, Inc.*, 150 F.3d 609, 617-18 (6th Cir. 1998) (Gilman, J. concurring). Rather, a district court must review the administrative decision which denied benefits based solely on the evidence and material that was contained in the administrative record at the time the administrative decision was made. *Id.* at 615.

The parties disagree as to the level of deference that the Court must afford the administrative decision. Defendants argue that the Court must apply the arbitrary and capricious standard, because Plaintiffs' Complaint alleges a denial of benefits under § 1132(a)(1)(b) and the administrative record demonstrates that the plan administrator has discretionary authority to make a final decision on a claim for benefits. Plaintiffs argue that the Court should review the administrative record with no deference to the administrative decision, because the Complaint alleges a breach of fiduciary duty under § 1132(a)(3)(B), an equitable claim.

---

[2]This statute provides, in pertinent part:

A civil action may be brought—
\*     \*     \*
(3) by a participant, beneficiary, or fiduciary
\*     \*     \*
(B) to obtain other appropriate equitable relief
(i) to redress such violations or
(ii) to enforce any provisions of this subchapter or the terms of the plan.

29 U.S.C. § 1132(a)(3)(B).

3

Defendants cite *Perez v. Aetna Life Insurance Co.*, 150 F.3d 550 (6th Cir. 1998) to support the claim that the Court must review the administrative record through the lens of the arbitrary and capricious standard of review. However, *Perez* is inapposite here, for at least two reasons. First, the plaintiff in *Perez* brought a § 1132(a)(1)(b) denial of benefits claim. 150 F.3d at 554. Here, Plaintiffs have stated a breach of fiduciary claim under § 1132(a)(3)(B). (Plaintiffs' Motion for Entry of Judgment, pg. 9-10.) Second, the *Perez* court never reached the question of whether the de novo standard applied in that case. 150 F.3d at 552.

The Court finds that the standard of review set forth in *Moore v. Lafayette Life Insurance Company*, 458 F.3d 416 (6th Cir. 2006) is controlling. As mandated by the *Moore* court:

> Claims for breaches of fiduciary duty and promissory estoppel are not claims for denial of benefits and are therefore addressed in the first instance in the district court, requiring no deference to any administrator's action or decision.

*Moore*, 458 F.3d at 427. The Court will therefore address Plaintiff's fiduciary duty and estoppel claims using the de novo standard set forth in *Moore*.

### B. Breach of Fiduciary Duty - Misrepresentation

Plaintiffs have raised a breach of fiduciary duty claim for misrepresentation against Defendants. To establish a breach of fiduciary duty claim for misrepresentation, a plaintiff must demonstrate that: (1) the defendant acted as a fiduciary; (2) the defendant made a material misrepresentation; (3) and the plaintiff reasonably relied on the material representations to his detriment ("breach test"). *James v. Pirelli Armstrong Corp.*, 305 F.3d 416, 433 (6th Cir. 2006). "A misrepresentation is material if there is a substantial likelihood that it would mislead a reasonable employee in making an adequately informed decision about if and when to retire." *Id.* A fiduciary may breach its duty even if its material misrepresentation is merely negligent. *Krohn v. Huron Memorial Hospital*, 173 F.3d 542, 547 (6th Cir. 1999).

4

Plaintiffs' misrepresentation claim must fail because Plaintiffs can not demonstrate that they relied on Defendants' misrepresentation to their detriment as required by the third prong of the breach test. Plaintiffs allege that Mr. Akouri was willing to work at least until he reached seventy-five (75) years of age, but that he decided to retire based on Defendants' misrepresentation. (Compl. ¶ 19, 24.) The record indicates that Mr. Akouri received Defendants' misrepresentation in November 2002. The record also indicates that Mr. Akouri was already seventy-five when he received Defendants' December 5, 2002 letter, because he was born on April 19, 1927. (Admin. Rec. A0031.) Based on these facts, Mr. Akouri has not alleged any detriment.[3] He alleges that he would have worked until age seventy-five if he had not relied on Defendants' misrepresentation. However, Mr. Akouri had already reached the age of seventy-five before receiving Defendants' misrepresentation. Accordingly, Plaintiffs' misrepresentation claim must fail.

**C.     Equitable Estoppel**

Plaintiffs have also asserted an equitable estoppel claim against Defendants.[4] The elements of an estoppel claim are as follows:

(1) there must be conduct or language amounting to a representation of material fact;

---

[3] Had the Plaintiffs alleged sufficient detriment, their misrepresentation claim would have been more compelling. Although Defendants contend that Plaintiffs' reliance on the December 5, 2002 "Estimated Pension Benefit" letter was unreasonable, the Court disagrees. The Court has gleaned from the letter that the estimated pension amount is subject to change, but only if the personal data and assumptions listed in the letter change. The data and assumptions listed in the letter include Mr. Akouri's social security number, birth date, benefit class code, union code, service date, total credited service, and retirement type. Defendants do not argue that Plaintiffs' benefit amount changed because of a change in any of these assumptions. Rather, Defendants argue that the benefit amount changed because they used an incorrect formula. The Court notes that the letter does not mention that Plaintiffs' benefit amount is an estimate subject to Defendants' use of the correct algorithm. Accordingly, the Court finds that Plaintiffs' reliance on the letter was reasonable.

[4] The Court notes that Plaintiffs' estoppel claim is not discussed in the Complaint. Rather, Plaintiffs first raise the claim in their Response to Defendants' Motion to Affirm Administrative Decision.

5

(2) the party to be estopped must be aware of the true facts;

(3) the party to be estopped must intend that the representation be acted on, or the party asserting the estoppel must reasonably believe that the party to be estopped so intends;

(4) the party asserting the estoppel must be unaware of the true facts; and

(5) the party asserting the estoppel must reasonably or justifiably rely on the representation to his detriment.

*Moore*, 458 F.3d at 428-29. Plaintiffs cannot prove the fifth prong of this test. As noted previously, Plaintiffs have not alleged any detriment. The facts demonstrate that Plaintiffs cannot prove the second prong of the test either, because they cannot prove that Defendants were aware of the miscalculation at the time the December 5, 2002 letter was sent to Mr. Akouri. Therefore, Plaintiffs' claim of equitable estoppel must fail.

### D. Reasonable Expectation

Plaintiffs have also asserted what they characterize as a reasonable expectation claim against Defendants. This theory of relief is described in *Edwards v. State Farm Mutual Insurance Company*, 851 F.2d 134 (6th Cir. 1988). In *Edwards*, the Sixth Circuit held that where there is a direct conflict between the language of an employee benefits plan and a summary plan document ("SPD"), the summary plan document controls. 851 F.2d at 136 (citing *Rhoton v. Central States, Southeast & Southwest Areas Pension Fund*, 717 F.2d 988, 989 (6th Cir. 1983)).

However, the *Edwards* rule does not apply to the instant case, because the December 5, 2002 letter to Mr. Akouri does not amount to an SPD. The definition of an SPD is set forth in 29 U.S.C. § 1022. This statute provides, in pertinent part:

(b) The summary plan description shall contain the following information: The name and type of administration of the plan; in the case of a group health plan (as defined in section 1191b(a)(1) of this title), whether a health insurance issuer (as defined in section 1191b(b)(2) of this title) is responsible for the financing or administration (including payment of claims) of the plan and (if so) the name and address of such issuer; the name and address of the person designated as agent for the service of legal

process, if such person is not the administrator; the name and address of the administrator; names, titles, and addresses of any trustee or trustees (if they are persons different from the administrator); a description of the relevant provisions of any applicable collective bargaining agreement; the plan's requirements respecting eligibility for participation and benefits; a description of the provisions providing for nonforfeitable pension benefits; circumstances which may result in disqualification, ineligibility, or denial or loss of benefits; the source of financing of the plan and the identity of any organization through which benefits are provided; the date of the end of the plan year and whether the records of the plan are kept on a calendar, policy, or fiscal year basis; the procedures to be followed in presenting claims for benefits under the plan including the office at the Department of Labor through which participants and beneficiaries may seek assistance or information regarding their rights under this chapter and the Health Insurance Portability and Accountability Act of 1996 with respect to health benefits that are offered through a group health plan (as defined in section 1191b(a)(1) of this title) and the remedies available under the plan for the redress of claims which are denied in whole or in part (including procedures required under section 1133 of this title).

29 U.S.C. § 1022(b). Defendants' letter does not meet the requirements set forth in the statute and therefore will not be construed as an SPD by the Court. For example, Defendants' letter does not include a description of the relevant provisions of any applicable collective bargaining agreement; the plan's requirements respecting eligibility for participation and benefits; circumstances which may result in disqualification, ineligibility, or denial or loss of benefits; or, the source of financing of the plan. Accordingly, the *Edwards* rule does not apply here, and Plaintiffs' reasonable expectation claim must fail.

## IV. CONCLUSION

IT IS HEREBY ORDERED that Plaintiffs' Cross Motion for Entry of Judgment on the Administrative Record **[Docket No. 14, filed November 30, 2006]** is DENIED.

IT IS FURTHER ORDERED that Defendants' Motion to Affirm ERISA Administrative Decision **[Docket No. 16, filed November 30, 2006]** is GRANTED.

s/ DENISE PAGE HOOD<br>
DENISE PAGE HOOD<br>
United States District Judge

DATED: October 12, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 12, 2007, by electronic and/or ordinary mail.

7

S/William F. Lewis
Case Manager